# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DALTON D. JONES, JR., <br><br> Plaintiff, <br><br> vs. <br><br> GATBEL CHAMJOCK et al., <br><br> Defendants. | No. 18-CV-2020-LRR <br><br> **ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Shannon Selvidge's Motion to Dismiss ("Motion") (docket no. 5).[1]

## *II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND*

On April 23, 2018, Plaintiff Dalton D. Jones, Jr. filed an Amended Complaint (docket no. 7), alleging that Defendants Gatbel Chamjock, Nyamission Jock, Shannon Selvidge and Area Wide Realty, LLC ("Area Wide Realty") (collectively, "Defendants")[2] committed fraud by "misrepresenting" a property that Jones purchased in Logan County, Colorado. *See* Amended Complaint at 3. In the Amended Complaint, Jones alleges that he is a citizen of the state of Colorado. *See id.* Jones makes the following allegations regarding the citizenship of Defendants: (1) Chamjock and Jock are citizens of the state of Iowa; (2) Selvidge is a citizen of the state of Colorado; and (3) Area Wide Realty "is

---

[1] The Motion seeks to dismiss Jones's Complaint (docket no. 1), which was filed on March 29, 2018. The court subsequently granted Jones's Motion to Amend Complaint (docket no. 3), noting that the Motion would "be construed as moving to dismiss the [A]mended [C]omplaint." May 2, 2018 Order (docket no. 6) at 2.

[2] Jones subsequently dismissed all claims against named Defendants Kelli Ferkovich and Stewart Title Company. *See* May 29, 2018 Order (docket no. 15) at 1.

a Colorado company." *Id.*

On April 30, 2018, Selvidge filed the Motion. On May 4, 2018, Jones filed a Resistance (docket no. 10). Neither party requests oral argument, and the court finds that oral argument is unnecessary. The matter is fully submitted and ready for decision.

### *III. ANALYSIS*

In the Motion, Selvidge states that Jones's claim "appears to be one of common-law fraud" and notes that he "has not identified a single federal statute or constitutional provision entitling him to relief." Brief in Support of Motion (docket no. 5-1) at 4. Selvidge argues that, in the absence of federal-question jurisdiction, Jones must establish the elements of diversity jurisdiction. *Id.* at 4-5; *see also* 28 U.S.C. § 1331 (defining federal-question jurisdiction); 28 U.S.C. § 1332(a) (defining diversity jurisdiction). Selvidge contends that, because there is not complete diversity among the parties in this case, the court should dismiss the case for lack of subject-matter jurisdiction. *See* Brief in Support of Motion at 4.

In the Resistance, Jones does not point to any federal statutes or constitutional provisions upon which his claim is based. *See generally* Resistance. Instead, he relies on the elements of common-law fraud to support his claim. *See id.* at 4 (listing the elements of common-law fraud). Jones, however, argues that the court has subject-matter jurisdiction over the case because the previous owners of the house, from which he purchased the house, are citizens of Iowa and the citizenship of the previous owners "is the key element in assigning jurisdiction." *Id.* Jones contends that the citizenship of the remaining Defendants "is moot." *Id.*

"Federal courts are courts of limited jurisdiction . . . ." *Mamot Feed Lot & Trucking v. Hobson*, 539 F.3d 898, 902 (8th Cir. 2008). Federal Rule of Civil Procedure 12(b)(1) requires the court to dismiss actions where it lacks subject-matter jurisdiction. When considering a motion to dismiss for lack of subject-matter jurisdiction, the court

"accept[s] all factual allegations in the complaint as true and view[s] them in the light most favorable to the nonmoving party." *Id*. at 901-02. For the reasons set forth below, the court finds that it lacks subject-matter jurisdiction over this case.

Jones misstates the requirements of diversity jurisdiction. Diversity jurisdiction over state law claims requires both: "an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *see also* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."). "Diversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Cascades Dev. of Minn., LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012) (quotations omitted). Therefore, for the court to have diversity jurisdiction, complete diversity between Jones and each Defendant must exist.

In the Amended Complaint, Jones alleges that he is a citizen of Colorado. *See* Amended Complaint at 3. Jones also alleges that Selvidge is a citizen of Colorado and Area Wide Realty "is a Colorado company." *Id*. Accepting these allegations as true, as the court must in addressing a motion to dismiss, the court finds that the Amended Complaint fails to establish complete diversity between Jones and Defendants because Selvidge and Area Wide Realty are allegedly citizens of Colorado, the same state in which Jones holds citizenship. As discussed, Jones has also failed to establish federal-question jurisdiction as his claim is based entirely on common-law fraud. *See* Resistance at 4; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Accordingly, the court shall dismiss this case for lack of subject-matter jurisdiction.[3]

## IV. CONCLUSION

In light of the foregoing, the Amended Complaint (docket no. 7) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to **TERMINATE** all pending motions and **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 8th day of June, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[3] Because the court has determined that it does not have subject-matter jurisdiction over this case, it will not address Selvidge's alternative argument that the Amended Complaint should be dismissed for failure to state a claim. *See* Motion at 11; *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("[A] federal district court may not dismiss a case on the merits by hypothesizing subject-matter jurisdiction.").